! The opinion of the Court was delivered by
Johnson, Ch.
The first and second grounds of appeal appear to me to be misconceived. The conveyances of the land, dated the 5th of May, 1836, were either good or bad at their execution. If good, they passed all the right of the grantor, *353 subject to the reservation in the deeds of a life estate in herself. This life estate, while it existed, was open to the creditor's of Sarah DeGraffenreid, and they might have secured a remedy out of it, corresponding to her interests. . After its efflux their remedy in that way was gone. On the other hand, if the deeds were vitiated, as is surmised, by fraud, the creditors might have proceeded at once, not only against the grantor to carve a remedy out of the estate she had reserved to herself, but against the grantees to set aside the title which passed to them at the execution of the deeds, though their possession was postponed. The statute ran, naturally, from the execution of the deeds, and had full effect in four, not ten years, as has been often determined, unless the party charging the fraud, avers that he only discovered it within four years before filing his bill; in case of such averment, the opposite party may contradict the averment, by proving notice or the means of knowledge upon him more than four years before bill filed. This doctrine is settled in this Court.
These deeds were registered within the statutory period, and imparted the notice necessary to put the creditors of Mrs. DeGraffenreid upon the alert, and the statute ran against them.
Besides, it is no where said in the original bill (filed May 7, 1849,) that either Picket or his administrator, or Lott or his executors, were unapprised of the execution of the deeds, or of the alleged fraud. Such an averment was reserved for the bill of revivor and supplement, (filed May 20, 1854,) by the representatives of Pickett and the executors of Boyce, executors of Lott, in which they say, “ which fraudulent actings and doings of Sarah DeGraffenreid, Thomas DeGraffenreid and Tscharna DeGraffenreid were unknown to your orators until within four years before the commencement of this suit.”
But the statute began its operation in the life-time of Pickett and Lott, not in the time of their representatives, and would complete its effects notwithstanding the latter might be ignorant of the alleged wrong.
*354 It is argued that Mrs. DeGraffenreid’s possession was fraudulent and deceptive. But the deeds were registered, and undeceived the parties as to the right in which she held. It informed them that her possession was consistent with the deeds, and was not only her own possession but that of Thos. and Tscharna, to whom her conveyance enured.
It is argued, again, that Tscharna’s right only sprang up in 1852, when his insanity was removed. Well, then, this title was in Thomas until that time, and upon being cured of its fraud by the efflux of the statute, passed over as a good title to Tscharna. At all events the creditors had lost their right in the land, which right it is not to be supposed would spring up again, to be asserted against a new party, when they might find such a one in possession.
I concur with the Chancellor in respect to the third ground of appeal.
The custody by Mrs. DeGraffenreid of the four slaves allowed for her comfort, after his purchase in January, 1836, is too well accounted for by reasons and principles* the direct opposite of fraud, to require or allow of its being set down to that account. Mere custody is not the possession of an owner. To custody must be added the right under which the property is held. This was determined, if authority wei’e required, in Penn vs. Blocker, and I content myself with referring to that case.
The fourth ground of appeal refers to a matter charged neither in the original nor supplemental bill.
The original bill charged that the transfer of the twenty-six slaves, (January, 1836,) was without consideration and fraudulent.
The answer to that bill, (filed July 3, 1851,) denies the charge, and avers that the slaves were purchased by Thomas, from Mrs. DeGraffenreid, for the full and fair price of $15,000, which he secured by his note, and he exhibited her receipt and bill of sale for the negroes. That answer proceeds: ‘‘ This defendant admits that his mother, Sarah DeGraffenreid, *355 not long after his purchase of the said negroes, (the precise time he cannot now remember, but he thinks and believes some time between April and August, 1840,) gave him, and delivered up to him his note for the purchase money of said negroes, and he paid her nothing for the same. But it was her own free and voluntary act, not asked for by him, nor expected when he purchased the said negroes.'” He goes on to aver that this purchase of 1836, was well known to Pickett when he subsequently (in 1837) took his note, now sued on, from Mrs. DeGraffenreid.
The fact now insisted on. in the fourth ground of appeal, of the voluntary release and surrender of the note given by Thomas for the negroes, was thus spread before the plaintiffs by the record in July, 1851; and notwithstanding there was an order granted to amend the original bill, ample enough to have covered this matter, the parties neglecting this release of the purchase money for the slaves, persisted in the original charge that the slaves were fraudulently alienated ab initio, and no charge as to the giving up of Thomas’ note has ever been made either in the original or supplemental bill.
It is now admitted that the alienation of the slaves was by a fair sale, and the Court is satisfied such was the character of the transaction. But the plaintiffs now lay hold of the delivery up of the note, by way of appeal, which they neglected to make part of their bill. We are of opinion their appeal is without proper foundation, nor do we think that having so long and so palpably neglected to introduce into the bill that which they now regard as so important, they are entitled to the benefit of an amendment, at the risk of indefinite litigation and expense.
It is ordered that the decree be affirmed, and the appeal dismissed.
Waedlaw, Ch., concurred.
Dunkin, Ch., dissented.

Appeal dismissed.